## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERICA ADEN,               )
                             )
            **Plaintiff,**     )
                             )      **CIVIL ACTION**
**v.**                         )
                             )      **No. 05-2286-CM**
                             )
LIFE CARE CENTERS OF AMERICA,  )
INC.,                   )
                             )
            **Defendant.**    )

## <u>MEMORANDUM AND ORDER</u>

A jury trial was held in this matter in October 2007.  The jury returned a verdict in favor of defendant on the sexual harassment claim and a verdict in favor of plaintiff on the retaliation claim—awarding plaintiff $25,000 in compensatory damages and $100,000 in punitive damages. This matter is before the court on defendant Life Care Centers' Renewed Motion For Judgment as a Matter of Law and Motion for New Trial (Doc. 66).  Defendant renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  In the alternative, defendant requests a new trial pursuant to Federal Rule of Civil Procedure 59.

## I.     Standards for Judgment

Judgment as a matter of law should be "cautiously and sparingly granted."  *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001) (quoting *Weese v. Schuckman*, 98 F.3d 542, 547 (10th Cir. 1996)).  Granting such a motion is appropriate only if the evidence, viewed in a light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion."  *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir.

2002) (quotation omitted); *see also Freeman v. Gerber Prods. Co.*, 506 F. Supp. 2d 529, 534–35 (D. Kan. 2007). The court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its conclusions for those of the jury. *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001) (quotation omitted). However, judgment as a matter of law must be entered if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law. *Roberts v. Progressive Independence, Inc.*, 183 F.3d 1215, 1219–20 (10th Cir. 1999) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1546 (10th Cir. 1996)).

Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993). A new trial may be granted in an action in which there has been a trial by jury "for any reason for which a new trial has hereforto been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In reviewing a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999). "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. *Schmidt v. Medicalodges, Inc.*, 523 F. Supp. 2d 1256, 1258 (D. Kan. 2007). A motion for a new trial on the ground that the verdict is against the weight of the evidence will not be granted unless the verdict is "clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *Patton v. TIC United Corp.*, 77 F.3d 1235, 1242 (10th Cir. 1996) (quoting *Brown v. McGraw-Edison Co.*, 736 F.2d 609, 616–17 (10th Cir. 1984) (quotation omitted). The court should "ignore errors that do not affect the essential

fairness of the trial." *McDonough Power Equip., Inc.*, 464 U.S. at 553.

## II.    Discussion

Defendant argues it is entitled to relief on the following grounds: (1) plaintiff failed to establish an adverse action because she self-terminated; (2) plaintiff failed to present legally sufficient evidence of retaliation; (3) the court refused to strike a juror who had a prior relationship and ex parte contact with a witness; and (4) several erroneous evidentiary rulings substantially prejudiced defendant.

### A.    Adverse Action

Defendant argues that no reasonable jury could find that defendant took adverse action against plaintiff because she voluntarily quit her employment—through self-termination—when she did not come to work the second weekend after the incident with Mr. Newbill.  At trial, there was evidence that (1) defendant exempted plaintiff from work the first weekend after the incident; (2) defendant suspended Mr. Newbill and instructed staff to call the police if he came to the facility; (3) Deronda Rinas told plaintiff that Mr. Newbill was suspended; (4) Ms. Rinas told plaintiff that she was left on the schedule and would be considered self-terminated if she did not work the second weekend; (5) plaintiff did not return to work the second weekend; (6) defendant considered plaintiff self-terminated; and (7) plaintiff felt she had no choice but to quit.

But there was also evidence that (1) plaintiff told Ms. Rinas that she did not want to quit her job; (2) plaintiff told Ms. Rinas that she was uncomfortable working while the harassment investigation was ongoing; (3) plaintiff did not want to return to work the second weekend because she was afraid of Mr. Newbill; (4) plaintiff was told that Mr. Newbill would still be working at Garden Terrace; (5) there were discrepancies regarding whether plaintiff was a "no call, no show"; and (6) Ms. Rinas had stated in her deposition that she had violated the attendance policy.

As explained above, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its conclusions for those of the jury. *See Turnbull*, 255 F.3d at 1241. Under the facts presented at trial, a reasonable jury could find that defendant's determination that these circumstances equated to plaintiff abandoning, or self-terminating, her job constitutes an adverse employment action. The jury could reasonably find that plaintiff did not want to resign but did not feel safe returning to work because defendant told her Mr. Newbill would be there; that plaintiff properly informed defendant that she would not be there that weekend; and that defendant's labeling her self-terminated was an adverse action. The court finds that there is a legally sufficient evidentiary basis for plaintiff's retaliation claim under the controlling law. Additionally, the jury's verdict is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Patton v. TIC United Corp.*, 77 F.3d at 1242.

### B.    *Retaliation*

Defendant argues that the weight of the evidence does not support the jury's verdict that defendant terminated plaintiff because she reported sexual harassment. Defendant argues that (1) there was no adverse employment action and (2) plaintiff failed to establish a causal connection between her reporting sexual harassment and the adverse action. As the court discussed above, the jury could have found that defendant's actions were an adverse employment action.

The same evidence could also support a causal connection between the report of sexual harassment and plaintiff's termination. A jury could reasonably find that defendant's explanation of plaintiff's termination was pretextual. Taking the facts in the light most favorable to plaintiff, a jury could find that defendant failed to convey to plaintiff that Mr. Newbill would not be at the facility that weekend; that defendant dismissed plaintiff's concerns for her safety; that defendant ignored plaintiff's notice that she would not be working that weekend; and that defendant mis-labeled

plaintiff's absence in violation of defendant's attendance policy.  Defendant cannot meet its burden under either standard—the jury's verdict has a legally sufficient evidentiary basis and is not clearly, decidedly, or overwhelmingly against the weight of the evidence.

> ### C.   *Juror*

Defendant argues that the court's refusal to strike a juror substantially prejudiced defendant's rights.  During voir dire, plaintiff's counsel read its witness list, which included Jessica Nichols-Villalpando.  None of the potential jurors responded that they were familiar with any of plaintiff's witnesses.  During the trial, while the court was in recess, a witness for plaintiff, Jessica Nichols-Villalpando, recognized a juror as a former nursing-school classmate.  Not realizing they were both involved with plaintiff's trial, the two began to talk.  The juror said she was a juror in a civil case and Ms. Nichols-Villalpando said that she was a witness in a civil case.  At that point, they both realized that they may be involved in the same case and should not talk further.  Ms. Nichols-Villalpando informed plaintiff's counsel of the situation and the juror informed the court.

When questioned by the court, the juror said that she knew Ms. Nichols-Villalpando from nursing school and that she had not seen her since school ended, five or six years before trial.  She also said that during voir dire she did not recognize the name "Jessica Nichols-Villalpando."  She only recognized the witness when she saw her face.  The witness's last name had changed since nursing school.  She further told the court that they did not discuss the case.  When questioned by the court and defense counsel, the juror said that there was nothing about the encounter or her relationship with Ms. Nichols-Villalpando that would affect her ability to fairly and impartially fulfill her obligations as a juror—she said she could remain fair and impartial to both sides and decide the case solely on the evidence presented at trial and the court's instructions of law.  She also indicated that she had not informed the other jurors of the relationship or conversation.

Defendant argues that the prior acquaintance and the conversation during trial, independently and jointly, prejudiced defendant and that the court should have dismissed the juror. "One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'" *McDonough Power Equip., Inc.*, 464 U.S. at 554 (citing *Smith v. Phillips*, 455 U.S. 209, 217 (1982)). Although voir dire protects that right by exposing possible biases on the part of potential jurors, a mistaken, though honest response to a question does not invalidate the jury's verdict. *Id.* ("To invalidate the result of a three-week trial because of a juror's mistaken, though honest response to a question, is to insist on something closer to perfection than our judicial system can be expected to give."). But the court must be "ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith*, 455 U.S. at 217 (discussing juror impartiality in the due process context).

Here, the court called the juror into the courtroom, in the absence of the jury, and inquired about her relationship with Ms. Nichols-Villalpando and their conversation. As discussed above, the juror explained both and affirmed that she could be impartial and decide the case solely on the evidence presented at trial. After questioning the juror, the court allowed the parties to question her. The court then heard argument from the parties. Based on the evidence presented, the court finds that the juror made an honest mistake. The court further finds that nothing about her relationship with Ms. Nichols-Villalpando affected her ability to serve as a juror. "There is no rule that a juror cannot be acquainted in any way with any attorney or witness in a case in order to have a fair trial." *United States v. Rucker*, Civ. No. 07-2260-JWL, Crim. No. 04-20150-JWL, 2007 WL 2990545, at *5 (D. Kan. Oct. 11, 2007). The relationship between the juror and the witness is tenuous at best. The two were in school together for less than a year, had not spoken to one another since school—five or six years earlier, and the juror had not heard anything about the witness since

-6-

school.  In fact, the juror did not recognize the witness when the two first saw each other at the courthouse.  Furthermore, the court finds that nothing about the interaction at the courthouse substantially prejudiced defendant.  As soon as they realized they were both participating in court proceedings, they ended the conversation and notified the appropriate individuals.  They did not discuss the case or have a lengthy conversation.

Defendant further argues that it was substantially prejudiced because it lost the opportunity to exercise a peremptory challenge.  The loss of a peremptory challenge is reversible error only when the juror's partiality affected the fairness of the trial.  *See McDonough Power Equip., Inc*, 464 U.S. at 556; *Greenwood v. McDonough Power Equip., Inc.*, 731 F.2d 690 (10th Cir. 1984).  As explained above, the juror in this case was not partial.  Neither her prior relationship with the witness nor their brief conversation affected her ability to be impartial; defendant's lost opportunity to exercise a peremptory challenge did not affect the fairness of the trial.  Accordingly, the court finds that its refusal to strike the juror did not substantially prejudice defendant's rights.

### D. *Evidentiary Errors*

#### 1. **Plaintiff "Opened the Door"**

Defendant argues that plaintiff's counsel "opened the door" to certain evidence.  First, defendant argues that it should have been allowed to introduce evidence regarding the status of Ms. Nichols-Villapando's claim.  Prior to this trial, Ms. Nichols-Villapando's claims against defendant, arising out of a similar facts, were tried by a jury.  The jury issued a defense verdict, and Ms. Nichols-Villapando appealed.  At the time of this trial, Ms. Nichols-Villapando's lawsuit was still on appeal.  The court's *in limine* ruling excluded evidence of the outcome of Ms. Nichols-Villapando's trial.  At plaintiff's trial, plaintiff's counsel elicited testimony from Ms. Nichols-Villapando that she believed she had been sexually harassed and retaliated against, that she brought a claim against

defendant, and that her claim was "still pending."  Defendant argues that by eliciting this testimony, plaintiff opened the door to evidence about the status of Ms. Nichols-Villapando's claim—evidence that the jury ruled against her in a similar case.  The court finds that allowing questioning regarding the status of Ms. Nichols-Villapando's claim would have been unduly prejudicial under Fed. R. Evid. 403.  Providing the jury with the results of a similar case arising out of similar events would have invaded the province of the jury.  The court further finds that Ms. Nichols-Villapando's characterization of her claim as "still pending" did not substantially prejudice defendant.

Next, defendant argues that plaintiff opened the door to evidence that defendant properly responded to reports of other incidences of sexual harassment when plaintiff introduced evidence of prior complaints of sexual harassment at the Garden Terrace facility.  The evidence introduced by plaintiff was the following statement on defendant's sexual harassment policy: "Recently, management has received reports that there has been sexual harassment in this facility."  The statement was published to the jury, but redacted before the document was given to them for deliberations.  Defendant argues it should have been allowed to present evidence that it had one prior sexual harassment report and that it did not retaliate against the employees that reported the incident.  The court finds that plaintiff did not present the issue to the jury.  The statement was included in a document that was published to the jury, it was shown over the overhead projector, but plaintiff's counsel did not refer to the prior incident, or question witnesses about it, and redacted the reference to it before the document was given to the jury.  Furthermore, evidence regarding other sexual harassment incidents is unduly prejudicial as it may confuse the jury.

Finally, defendant argues that it should have been allowed to present evidence to show when plaintiff consulted an attorney because plaintiff presented evidence that defendant had legal counsel. The court's *in limine* ruling excluded evidence establishing when plaintiff first contacted an

attorney, but defendant argues that it should have been allowed to present the evidence because plaintiff introduced evidence regarding defendant's legal department's involvement with plaintiff's claims.  Generally, access to the legal system is a fundamental right that should not be discouraged. Presenting evidence to the jury that plaintiff contacted, or considered contacting, an attorney could discourage people from accessing the legal system.  Whether such information should be presented to the jury depends on the relevance it has to the claims presented.  In this case, its has little to no relevance to plaintiff's claims.  The evidence does not make the existence of any consequential fact more or less probable.  Additionally, the probative value of the evidence is substantially outweighed by its prejudice.  Evidence that defendant's legal department was involved in this matter is not unduly prejudicial to the defendant and does not outweigh the potential prejudice to plaintiff.  The court finds that excluding this evidence did not substantially prejudice defendant.

### 2. Debbie Biehl

Defendant argues that it was substantially prejudiced because the court allowed Debbie Biehl, defendant's corporate representative, to testify about defendant's 2004 tax return.  Defendant does not object to the admission of the document, but contends that, under Federal Rule of Evidence 602, Ms. Biehl should not have been allowed to testify about the tax return because she did not have personal knowledge of the document.  Defendant further contends that this testimony substantially prejudiced defendant because it left the jury with the impression that Ms. Biehl should have known about the document and did not adequately prepare for trial.  "Although Rule 602 provides that a witness's testimony must be based on personal knowledge, it 'does not require that the witness' knowledge be positive or rise to the level of absolute certainty.  Evidence is inadmissible . . . only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.'"  *United States v. Sinclair*, 109 F.3d 1527, 1536

(10th 1997) (quoting *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir. 1982)).

The parties stipulated to the foundation of the tax return, and its admissibility is not in dispute. Defendant had an opportunity to question her about her duties and responsibilities and whether they included overseeing defendant's finances or tax returns. Asking Ms Biehl about the document did not create the impression that Ms. Biehl should have known about the document and did not adequately prepare for trial. Looking at the evidence as a whole, the jury could have found that, as the facility administrator, Ms. Biehl was in charge of the staff, not the financial aspect of the facility. The court finds that defendant has not met its burden to show that the alleged error was prejudicial or affected defendant's substantial rights. Defendant is not entitled to a new trial on this issue.

### 3.    Redacted Documents

Defendant argues that admitting the following documents in redacted form violated the rule of completeness and Federal Rule of Evidence 106: (1) Ms. Biehl's memo to Trent Tolbert, Exhibit 415; (2) plaintiff's corporate complaint, Exhibit 10; (3) several one-page summaries of defendant's policy prohibiting sexual harassment, Exhibits 35, 39, and 471; and (4) defendant's position statement, Exhibit 476. "The rule of completeness, both at common law and as partially codified in Rule 106, functions as a defensive shield against potentially misleading evidence proffered by an opposing party." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001) (citing *United States v. Collicott*, 92 F.3d 973, 981 n.9 (9th Cir. 1996)). The additional evidence must be necessary to explain away potentially misleading evidence.

Here, defendant addresses only its position statement, arguing that it should have been

-10-

allowed to introduce the legal analysis contained in its position statement because plaintiff was allowed to introduce the facts contained in the statement.  Presenting evidence of defendant's legal analysis contained in its position statement invades the province of the jury.  The probative value of the evidence is substantially outweighed by its prejudicial nature.  Furthermore, the evidence was not necessary to explain the evidence presented by plaintiff.

Based on the evidence and arguments presented by defendant, the court finds that defendant has not met its burden to show that admitting the other redacted documents violated the rule of completeness or Rule 106.  The additional evidence was not necessary to explain away potentially misleading evidence.

### 4.      Objections on Grounds other than Relevancy

Defendant argues that the court erred by allowing plaintiff to object to Ms. Biehl's memo to Mr. Tolbert, Exhibit 415, and plaintiff's corporate complaint, Exhibit 10, on grounds other than relevancy.  The pretrial order provided that Bates-stamped documents exchanged by the parties in connection with their Rule 26 disclosures and Rule 34 document responses constitute business records and could be introduced in evidence during trial without further foundation, "subject to objections based solely on grounds of relevancy."  Plaintiff objected to Ms. Biehl's memo to Mr. Tolbert, arguing that the statements by employees interviewed about Mr. Newbill were hearsay.  Plaintiff also objected to plaintiff's corporate complaint, arguing that statements about plaintiff hiring an attorney were hearsay and overly prejudicial.  The court believes that under Federal Rule of Evidence 403, the probative value of this evidence is substantially outweighed by the unfair prejudice to the plaintiff.  Additionally, the court finds that the admission of these documents did not affect the substantial rights of defendant.

Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Life Care Centers' Renewed Motion For Judgment as

a Matter of Law and Motion for New Trial (Doc. 66) is denied.

Dated this 18th day of July 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA**

**United States District Judge**
