# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERICA ADEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2286-CM |
| ) | |
| **LIFE CARE CENTERS OF AMERICA,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On October 19, 2007, the jury rendered its verdict in this case. The jury's verdict was in favor of plaintiff on her retaliation claim and in favor of defendant on plaintiff's sexual harassment claim. The jury awarded plaintiff $25,000 in compensatory damages and $100,000 in punitive damages on her claim for retaliation. The court entered Judgment reflecting the jury's verdict that same day. On July 18, 2008, the court denied defendant's Renewed Motion For Judgment as a Matter of Law and Motion for New Trial (Doc. 66). Defendant appealed the court's decision. The appeal is still pending.

The matter is currently before the court on plaintiff's motion for attorneys' fees (Doc. 64), plaintiff's motion for extension of time to file a reply in support of her motion for attorneys' fees (Doc. 74), and defendant's motion to strike plaintiff's reply (Doc. 77). Although, defendant has appealed the court's ruling denying its motion for judgment as a matter of law and for new trial, the court retains jurisdiction during appeal to rule on the motion for attorneys' fees, which is collateral to the issues on appeal. *See Bell v. Board Of County Com'rs Of Jefferson County*, 451 F.3d 1097, 1101 n.2 (10th Cir. 2006) ("'[Q]uestion[s] of attorney's fees and costs are collateral to and separate

from a decision on the merits.'") (quoting *Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995)); *Derringer v. Chapel*, 98 F. App'x 728, 734 (10th Cir. 2004) (citation omitted). In this case, however, the interests of judicial efficiency weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorneys' fees. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments (stating that during appeal, the court may rule on a claim for attorneys' fees, defer ruling, or deny the motion without prejudice); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004). The court therefore denies defendant's motion without prejudice. Defendants shall have 14 days from the date of a Tenth Circuit mandate to renew their motion, if not moot. *See* Fed. R. Civ. P. 54(d)(2)(B) (providing that the court may alter the time for filing the motion).

Plaintiff's motion for extension of time to file a reply in support of her motion for attorneys' fees (Doc. 74) and defendant's motion to strike plaintiff's reply (Doc. 77) are denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 54(d) Motion for Attorneys Fees, Cost and Expenses, Under Title VII and the Civil Rights Act of 1991 (Doc. 64) is denied without prejudice. Plaintiff may renew her motion, if not moot, within 14 days of the date the Tenth Circuit issues a mandate in this case.

**IT IS FURTHER ORDERED** that Plaintiff's (sic) Erica Aden's Motion for Extension of Time to File Reply Memorandum in Support of Motion for Statutory Attorney's Fees (Doc. 74) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply Memorandum in Support of Motion for Statutory Attorneys' Fees (Doc. 77) is denied as moot.

Dated this 12<u>th</u> day of September 2008, at Kansas City, Kansas.

            **s/ Carlos Murguia**
            **CARLOS MURGUIA**
            **United States District Judge**